United States District Court
Southern District of Texas
**ENTERED**
April 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HONORIO FLORES SALDANA, | § § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-02745 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TODD BLANCHE, *et al*, | § | |
| Respondents. | § | |

### ORDER

Petitioner Honorio Flores Saldana filed a petition for writ of *habeas corpus* under 28 USC §2241 on April 7, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates (i) the Due Process Clause of the Fifth Amendment, (ii) the Administrative Procedure Act, (iii) the equal protection guarantee of the Due Process Clause, and (iv) the Suspension Clause. Id at ¶¶22, 50–97.

The Fifth Circuit has now issued a controlling decision with respect to the lawfulness of detention in this context under 8 USC §1225(b)(2)(A). See *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under §1225(b)(2)(A). See id at 502–08; see also *Herrera Avila v Bondi*, 2026 WL 819258 (8th Cir) (holding to same effect).

Since that ruling, the undersigned has determined that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention with-

out a bond hearing pending removal proceedings doesn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention. See *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex).

The undersigned has also determined that (i) disparate treatment of aliens who entered entirely without inspection as compared with those whose presence became unlawful after legal entry doesn't violate equal protection because such persons aren't similarly situated and, in any event, the Government has articulated a rational basis to treat such persons differently, and (ii) the Suspension Clause isn't implicated in this context because petitions are being addressed on the merits. See *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex).

The undersigned has also determined that a claim under the Administrative Procedure Act fails to the extent that it relies on the interpretation of 8 USC §1225 and §1226 rejected in *Buenrostro-Mendez*. Such claims are also foreclosed by 5 USC §704 given that adequate remedy exists through *habeas* relief. For example, see *Garcia Tabon v Dickey*, 4:25-cv-06145 (SD Tex, Jan 22, 2026); *Sanchez-Sanchez v Bondi*, 4:26-cv-00144 (SD Tex, Jan 30, 2026).

Such rulings may foreclose the issues in the present petition. That said, Petitioner is entitled to a show-cause order pursuant to 28 USC §2243.

Respondents are ORDERED to show cause with a filing that establishes the propriety of Petitioner's continued detention. Such filing must be made by April 17, 2026, absent extension.

Petitioner may file any reply by April 22, 2026.

Hearing will be set if determined necessary after briefing closes.

It is ORDERED that the Clerk will email this order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

2

SO ORDERED.

Signed on April 10, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge